GEORGE GAGNON *vs.* FRED E. BEANE AND TRUSTEE.

Somerset.　　Opinion, October 25, 1933.

190

James H. Thorne,
Gower & Eames, for plaintiff.
Butler & Butler,
Perkins & Weeks, for defendant.

SITTING : PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

PATTANGALL, C. J. On motion. Action brought to recover amount claimed to be due for services performed under the terms of a written contract, together with two items totalling $57 not directly connected with the principal issue involved and not in serious dispute. Verdict for plaintiff for $3,225.60, an amount $80 in excess of the entire amount claimed and interest thereon. Plaintiff agrees that a remittitur for this excess should be filed if the verdict is otherwise sustained.

In the fall of 1929 the defendant, Fred E. Beane, had entered into a written contract with the Central Maine Power Company whereby he undertook to clear land on both banks of the Kennebec River in the flowage area above the Wyman Dam. This contract covered a large area and it became necessary for Mr. Beane to sub-contract certain portions of the work. On November 27, 1929, plaintiff entered into a written contract with defendant Fred E. Beane, whereby he undertook to clear the flowage area on the east bank of the Kennebec River north of the Clarence Andrews farm between certain lines indicated as "contour lines 445 and 485." Between these lines the area was to be "cleared of all trees, bushes, slash and all other debris which might interfere with the construction or operation of the hydro-electric plant at said Wyman Dam

. . ." ; and for this work the plaintiff was to receive from the defendant sixty dollars "per acre of area cleared . . . ," in addition to which he was to receive $7 per cord for cordwood cut by him on the premises and delivered at designated points, $6 per cord for pulpwood, and $10 per thousand feet for merchantable logs of certain described kinds and sizes so cut and delivered.

The total area between the contour lines was 224 acres, of which 132 acres were wooded and 92 acres field and pasture. Plaintiff admits having received pay for clearing 176 acres. Defendant claims to have paid him for clearing 183 acres, but asserts that in doing so he overpaid plaintiff something over $300 and that this overpayment was accepted by plaintiff in full settlement of all matters between them, certain items of which were in dispute.

Aside from the question of this alleged settlement, which plaintiff denies, the sole issue submitted to the jury was as to the right of plaintiff to recover $60 per acre for the entire acreage embraced in the area bounded by the contour lines or to be limited, as defendant claimed, to the actual acreage cleared by plaintiff exclusive of the farm lands lying within the territory involved in the contract.

The construction of the contract was for the Court and the jury were presumably correctly instructed that the contract was not to pay $60 per acre for the entire area but "$60 per acre of area cleared" and that if there was any portion of the land which was already cleared, plaintiff was not entitled to pay for that portion. The evidence as to just how many acres should be excluded by the application of this theory was not entirely clear, but there was no question but that it comprised a large part, possibly the whole, of the 48 acres in dispute. Notwithstanding this, the jury found that plaintiff was entitled to pay for the entire 48 acres.

Plaintiff admits being paid for clearing 176 acres. Defendant claims to have paid him for 183 acres. There were 224 acres in the tract. The engineer, employed by plaintiff and called by him as a witness, testified that about one quarter of the 176 acres paid for was made up of old fields and pasture, that it included all the land on which cutting was done, and that the remainder consisted of tillage land, mowing fields and cleared pastures.

Defendant introduced evidence of former occupants of farms included in the area covered by the contract and of engineers in charge of the work, tending to show that there was little or no work either of cutting or clearing to be done on approximately 50 acres of the land and that no such work was done on that much of the land.

Plaintiff claimed that he did some work such as taking down fences, clearing up around stone walls and removing small bushes even on the portion of the land which had been in cultivation the year before he began his operation. Taking his evidence as a whole, however, supplemented by that of his engineer and other witnesses called by him, the record does not justify the conclusion that under a proper construction of the contract he could be entitled to pay for clearing the entire 48 acres claimed by him. The jury must have based its verdict on an erroneous construction of the contract.

The evidence in favor of defendant's contention that a settlement was arrived at between the parties and that plaintiff had been paid in full is strong and persuasive, but there was an opportunity for honest difference of opinion on this point, and the finding of the jury regarding it could not be disturbed by this Court. It is, however, not important in our present consideration.

The evidence viewed from the standpoint of plaintiff in its most favorable light does not warrant a verdict for the entire amount claimed by him, and it is impossible on this record to cure the defect by a remittitur. There is but one course to follow, namely to set aside the verdict.

*Motion sustained.*